NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In Re RICHARD CORNELIUS JACKSON,**
*Petitioner*

2025-136

On Petition for Writ of Mandamus to the Merit Systems Protection Board in Nos. CH-1221-23-0376-W-1 and CH-1221-24-0117-W-1.

**ON PETITION**

Before TARANTO, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Richard Cornelius Jackson petitions this court for a writ of mandamus seeking to reassign his pending appeals before the Merit Systems Protection Board to a different administrative judge (AJ), to vacate certain rulings issued in his appeals, and for other relief, including granting him subpoenas, sanctions, an interim stay, and costs.

According to the petition, Mr. Jackson presently has two pending Individual Right of Action appeals before the same AJ.  The AJ has to this point issued orders that,

among other things, have denied Mr. Jackson's motions for disqualification, ECF No. 2-2 at 318; denied his motion for certification of that ruling for interlocutory appeal to the Board, *id.* at 320; and addressed the Board's jurisdiction, *id.* at 182. On June 17, 2025, the AJ denied Mr. Jackson's motion to reconsider a prior jurisdictional ruling and set a hearing for both appeals for July 28, 2025. *Id.* at 346-47. Mr. Jackson then moved to certify the order for interlocutory review by the Board, which the AJ has taken under advisement. *Id.* at 372. This petition followed.

A writ of mandamus is an extraordinary remedy and may only issue if, among other things, petitioner has shown a clear and indisputable right to relief and that there are no other adequate means to attain the relief desired—"a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Love v. McDonough*, 100 F.4th 1388, 1393 (Fed. Cir. 2024) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)). Mr. Jackson has not met this demanding standard here, at least because he can raise his challenges to the orders concerning jurisdiction and disqualification either to the Board after an initial decision or to this court once there is a final decision.[1] Because there is an adequate means to attain the requested relief by way of normal appeal, mandamus is unavailable.

---

[1] To the extent he contends that mandamus relief is justified now because the Board lacks a quorum, ECF No. 2-1 at 20, we disagree. The appeals are proceeding toward disposition, with a hearing scheduled within weeks, and once the AJ issues initial decisions in these matters, they will become the Board's final decisions—irrespective of quorum—35 days after issuance (unless any party files a petition for review with the Board), at which point Mr. Jackson may then seek this court's review as warranted. *See* 5 C.F.R. § 1201.113(a); 5 U.S.C. § 7703(b)(1)(A).

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

July 18, 2025
Date

Jarrett B. Perlow
Clerk of Court